# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr20

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>ANDREW TAB KILPATRICK. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion for Interim Payment [Doc. 31] filed by the Defendant's counsel on February 18, 2010.

Defendant's counsel seeks permission to submit a fee voucher for interim payment. For grounds, counsel states that the Defendant entered a guilty plea on September 8, 2009, and is currently awaiting sentencing. Counsel states that unless compensated in the interim, counsel will have to wait several months before submitting a CJA voucher for the payment of expenses and fees incurred in this case. [Doc. 31].

The Guide to Judiciary Policies and Procedures, which is published by the Administrative Office of the United States Courts, provides that "[w]here it is considered necessary and appropriate in a specific case, the

presiding trial judge may arrange for periodic or interim payments to counsel." Guide to Judiciary Policies and Procedures, Vol. VII, ch. 2 at ¶2.30. These guidelines note that interim payments "are designed to strike a balance between the interest in relieving court-appointed attorneys of financial hardships in extended and complex cases, and the practical application of the statutorily imposed responsibility of the chief judge of the circuit to provide a meaningful review of claims for excess compensation." Id.

Upon careful review, the Court does not find that the requested interim payment is warranted. This case is not so extended or complex as to create a financial hardship on counsel in undertaking this representation. See United States v. Rollins, No. 05-cr-30133-DRH, 2006 WL 3775962, at *2 (S.D. Ill. Dec. 20, 2006) (allowing interim payment where case was extensive and required complex preparation and where counsel requested payment in excess of statutory maximum); Goodwin v. Roper, No. 4:06CV848 HEA, 2006 WL 2130456,*1 (E.D. Mo. July 28, 2006) (allowing interim payment where case involved the death penalty, and court found that case's length and complexity would impose financial hardship on counsel).

Accordingly, **IT IS, THEREFORE, ORDERED** that counsel's Motion for Interim Payment [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 25, 2010

Martin Reidinger
United States District Judge