# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:12-cv-00080-MR
# [CRIMINAL CASE NO. 2:09-cr-00020-MR-1]

| | |
|---|---|
| ANDREW TAB KILPATRICK, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] and on the Government's Response to Petitioner's Motion to Vacate [Doc. 8]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

## I. BACKGROUND

On June 2, 2009, Petitioner Andrew Tab Kilpatrick was indicted by the Grand Jury for the Western District of North Carolina and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Case No. 2:09-cr-00020-MR-1, Doc. 1: Indictment]. The Indictment alleged that Petitioner unlawfully possessed a handgun after

having been convicted of a felony, namely, larceny after breaking and entering. [Id., Doc. 1]. Petitioner committed the predicate offense when he was seventeen years old, but he was tried as an adult under North Carolina law. Specifically, Petitioner pled guilty to felony larceny after breaking and entry in North Carolina Superior Court for Cherokee County on May 26, 1994, and he received a six-year suspended term of imprisonment. [Id., Doc. 1 at 2].

On September 8, 2009, Petitioner pled guilty in this case, pursuant to the terms of a written plea agreement, to the single count in the Indictment. [Id., Doc. 21: Amended Plea Agreement]. In his plea agreement, Petitioner agreed to waive the right to appeal his conviction or sentence or contest the same in a post-conviction proceeding, with the exception of claims of prosecutorial misconduct or ineffective assistance of counsel. [Id., Doc. 21 at 18]. This Court sentenced Petitioner to 24 months' imprisonment, to be followed by a three-year term of supervised release.[1] Judgment was entered April 9, 2010, and Petitioner did not appeal. [Id., Doc. 33].

After serving his term of imprisonment, Petitioner was arrested on August 13, 2011, following a violation of the terms of his supervised

---

[1] The Petitioner claims in his motion that he was sentenced to a term of imprisonment of 60 months. [See Doc. 1 at 1]. The Judgment, however, clearly reflects that the Petitioner received a sentence of only 24 months. [See Case No. 2:09-cr-00020-MR-1, Doc. 33].

2

release.  On December 15, 2011, this Court entered judgment, revoking Petitioner's supervised release and sentencing him to 18 months' imprisonment, to be followed by an additional eighteen months of supervised release.  [Id., Doc. 50].  After serving his term of imprisonment, Petitioner was released from prison in November 2012.[2]

On October 12, 2012, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, in which he contends that (1) he is actually innocent of being a felon in possession of a firearm because, under the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he lacked a predicate "adult" felony conviction at the time of the charge, and (2) he received ineffective assistance of counsel.  Petitioner later supplemented his motion in an addendum with additional arguments and records related to his first claim.

On January 31, 2013, Respondent filed a Response to the motion to vacate.  [Doc. 8].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any

---

[2] Although the Petitioner was released from prison, he is still serving a term of supervised release and is therefore still in "custody" for the purposes of 28 U.S.C. § 2255.  See United States v. Hill, 500 F. App'x 258, 259 (4th Cir. 2012); United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on April 23, 2010, when the time for filing a notice of appeal expired. <u>See</u> Fed. R. App. P. 4(b)(1)(A). Petitioner filed his motion to vacate on October 12, 2012, nearly two and a half years later. Therefore, his motion is untimely under Section 2255(f)(1).

Petitioner argues that the petition is timely under Section 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in <u>Simmons</u> that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in Section 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. <u>See</u> <u>United States v. Pollard</u>, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the

law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief. Furthermore, as the Court discusses infra, the recent change in the law created by Simmons simply does not afford Petitioner any relief on his claim. Even if it did, Section 2255(f)(4) does not serve to re-open the time period for filing an initial Section 2255 motion under these circumstances. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred.

The Court further notes that even if the motion to vacate had been timely filed, Petitioner explicitly waived in his plea agreement his right to challenge his sentence in a post-conviction proceeding, aside from ineffective assistance of counsel and prosecutorial misconduct claims. See United States v. Copeland, No. 11-4654, slip op. at 9-10, 707 F.3d 522, __ (4th Cir. 2013). Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See id.; see also United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may

waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner's claim regarding his age at the time of his predicate conviction is not based on ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies and, even if not time-barred, his Section 2255 motion would be subject to dismissal because he waived his right to bring this challenge.

The Court notes further that Petitioner's motion is also subject to dismissal because he did not appeal his conviction and his claim is therefore procedurally defaulted, and Petitioner has not shown cause and actual prejudice to excuse his procedural default. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

Finally, the Court finds that even if Petitioner's claim were subject to dismissal for the reasons stated above, Petitioner still would not be entitled to relief under Simmons on the merits. Here, Petitioner purports to rely on

7

Simmons for relief on the basis that all of his prior convictions were juvenile adjudications. In Simmons, the Fourth Circuit held that an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison. 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under Section 922(g)(1), after Simmons, a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Id.

In support of his claim that he lacks a predicate conviction, Petitioner does not focus on the length of the term of imprisonment he received for his predicate offense; instead, he bases his argument on his age at the time of his conviction. Presumably, Petitioner is contending that he should not have been prosecuted as an adult. Whether a defendant was convicted as a juvenile or an adult is simply not at issue in Simmons. Thus, regardless of any time-bar or other procedural bar to bringing a Simmons claim, Petitioner simply has no claim to relief under Simmons. It follows that Petitioner also has no claim of ineffective assistance of counsel based on counsel's failure to raise a Simmons claim.

## IV. CONCLUSION

In sum, Petitioner's Section 2255 motion is time-barred and is

therefore dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED THAT** Petitioner's Section 2255 motion [Doc. 1] is dismissed with prejudice as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**    Signed: May 29, 2013

Martin Reidinger
United States District Judge